## EDWARD GOTTHEIL *v.* FRANCIS M. FISK.

The decisions of inferior tribunals in matters addressed to their discretion, will not be interfered with, unless in cases of extreme hardship or manifest injustice.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Conklin*, for the plaintiff.

*T. Slidell*, for the appellant.

MORPHY, J. The defendant prosecutes this appeal from a decree overruling his motion for a new trial below. The record shows that he was cited and held to bail on the 5th of August, 1841 ; and that, no answer having been filed in the suit, a judgment by default was taken on the 1st of November following, which was made final on the fifth of the same month. In support of his motion for a new trial, the defendant made oath, that he arrived in this city on the 5th of November, 1841, and was informed that a final judgment had been rendered against him on that day ; that he was arrested during the vacation of the court, and the temporary absence of his counsel from the city ; that being unacclimated, he was driven away by the epidemic which then raged in New Orleans and endangered his life, without having had an opportunity of giving instructions to his counsel for his defence ; that on or about the 23d of August, being then at Natchez, he (defendant) wrote a letter to his counsel, J. P. Benjamin, wherein he gave instructions for his defence, which letter he put on board of a steam boat bound to New Orleans, after obtaining from the clerk of the boat a promise that he would place said letter in the post office at New Orleans ; and that said letter never reached his counsel, as he has been informed, &c. On the trial of the rule, the defendant offered to file an additional affidavit, in which he declared that he had a just plea of compensation against the plaintiff's claim, of which the latter was well aware when he obtained his judgment ; that he holds a due bill of the plaintiff for $250, and one for $100 ; that he did not mention this fact in his original deposition, nor state it to the counsel who prepared his affidavit, because he did not know that it was necessary to inform him of his defence till after a new trial should be granted, &c.

Gottheil v. Fisk.

This last affidavit was rejected by the lower court, on an objection taken to it by the plaintiff's counsel. It came, perhaps, too late, under articles 559 and 561 of the Code of Practice ; but should we even allow the defendant the benefit of it, we cannot say that the judge erred in refusing to grant a new trial. The affidavit states no ground which in law entitled him to it. The application was one to the discretion of the inferior court; and in such matters we have always refused to interfere with the decisions of the tribunals of the first instance, unless a case was presented of extreme hardship or manifest injustice. We are unable to perceive any thing of the kind in, the present instance. The defendant remained in town more than two weeks after his arrest ; and during this interval he was seen several times going into the office of J. P. Benjamin. The latter being absent, he might have employed other counsel. It does not appear that before that time this gentlemen had been his legal adviser ; but, on the contrary, it is admitted that during the preceding winter he employed other counsel in a suit in the court below, and had been perfectly satisfied with their management of it. If he was bent upon securing J. P. Benjamin's services, he might have left on his desk a letter, which in all probability would have reached him, as the evidence shows that he was in the city a day or so almost every week during the month of August of that year, and had a younger member of the profession in attendance at his office during his temporary absence. Instead of doing this, the defendant trusted to the chance of a letter, put on board of a steamboat, reaching his counsel. He does not inform us whether he wrote a second letter to him ; whether the first had been received; or whether he made any mention in it of the due bills he now wishes to set up as an offset. Upon the whole, we do not think that he made to the judge below, such a showing as should have induced him to open the judgment, especially, when it is considered that his claim, if he has one, is not precluded or destroyed by the judgment, and that he is at liberty to enforce it in due course of law.

*Judgment affirmed.*